IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. 06-919, 06-974, 06-975, |
| | ) 06-976, 06-977, 06-978, 06-979, |
| | ) 06-980, 06-981, 06-982, 06-983, |
| | ) 06-984, 06-985 |
| | ) |
| | ) Judge Bloch |
| MR. DIMINICK, et al., | ) Magistrate Judge Caiazza |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Plaintiff filed the above-captioned complaints between July 12 and July 25, 2006. He sought and was granted the right to proceed *in forma pauperis* in each case, but took no action to secure the service of process. On September 26, 2006, orders were entered in each case directing that Plaintiff provide instructions for service of the complaints on all named defendants. When he failed to comply with this order, a rule was issued on Plaintiff on October 18, 2006, to show cause on or before November 2, 2006, why he has not complied with the order dated September 26, 2006.

A court may dismiss an action as a sanction against a party, but must consider six factors prior to dismissal. These factors are as follows:

(1) The extent of the parties personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in <u>Poulis</u> requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's two prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against Wells who has failed to respond to the Court's repeated attempts to have the complaints served. With respect to the first factor, it is clear that the Plaintiff's failure to comply with this court's orders was his personal responsibility. With respect to factor four, this court finds that the Plaintiff wilfully ignored two prior orders entered by this court.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of the Plaintiff's failure to comply with the prior orders he ignored. There appears to be no specific prejudice to the Defendant, other than general delay. Therefore, this factor will not be weighed against

DeFelice. Similarly, factor number six, the meritoriousness of the claim, will be weighed neither in favor of nor against the Plaintiff.

Turning to the third factor, there is no protracted history of dilatoriness. The Plaintiff has, however, failed to respond to two orders which were issued by this court, which has caused a delay in the prosecution of these cases. This factor weighs slightly against the Plaintiff.

The final factor to consider here is the effectiveness of sanctions other than dismissal. Since the Plaintiff filed this action in forma pauperis it is useless to impose the sanction of attorney fees. Also, because Wells has failed to comply with two orders entered by this court seeking to have his complaints served, it is clear that he has no interest in pursuing these cases. Therefore, dismissal is the only appropriate action. In sum, Wells' Complaints should be dismissed because of his failure to prosecute these actions.

IT IS HEREBY ORDERED that the complaints in these cases are DISMISSED.

Dated: January 3, 2007

_____
United States District Judge

cc:
Gary Wells
Washington Correctional Facility
100 West Cherry Ave
Washington, PA 15301